UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jackie Williams, | ) | C/A No.:  6:08-cv-03350-GRA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| George T. Hagan , | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on November 10, 2008.  Plaintiff originally filed a complaint pursuant to 28 U.S.C. § 2254.  The magistrate recommends that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.  However, for reasons stated herein, the Court declines to adopt the magistrate's Report and Recommendation, and remand this case for further proceedings.

## Procedural History

This is Petitioner's third attempt to challenge his 1996 Aiken County murder conviction and life sentence under § 2254. In his first case, *Williams v. Catoe*, Civil Action No. 6:00-cv-00271-GRA, this Court issued granting a on writ of habeas corpus on the defendant's claim for ineffective assistance of counsel for failure to appeal "unless, within a reasonable period not to exceed ninety (90) days, the State of South

Carolina grants the Petitioner leave to appeal from his conviction." However, the Court denied Williams's arguments of denial of due process and equal protection, and actual innocence. The State of South Carolina granted Williams an appeal, and by Order of this Court on November 30, 2000, this Court noted that the conditional writ had been satisfied.

Following his unsuccessful appeals in South Carolina Courts, Williams again filed for a writ of habeas corpus in *Williams v. Rushton*, Civil Action No. 6:05-915-GRA, which this Court dismissed as successive and without the authorization of the Fourth Circuit Court of Appeals. Williams subsequently filed for authorization with the Fourth Circuit, and in *In re Williams*, 444 F.3d 233 (4th Cir. 2006), the Fourth Circuit held that pre-filing permission was unnecessary. However, the Fourth Circuit also noted that the Williams was unable to re-raise any issues ruled on in his first habeas petition. *Id.* at 237. Williams then filed the habeas petition currently before the Court.[1]

Plaintiffs bring this claim *pro se.* This court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The

---

[1] The petitioner made no reference to *In re Williams,* in his habeas petition. Additionally, *In re Williams* did not come before the Fourth Circuit as a result of an appeal, and did not appear on any of the docket sheets of Williams previous petitions.

recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In his Report and Recommendation, the magistrate recommended that the case be dismissed for failure to obtain Fourth Circuit permission to file his habeas permission. However, in light of *In re Williams,* the petitioner is allowed to file his habeas petition without Fourth Circuit approval to the extent that it raises issues not raised in the previous habeas petition. Accordingly, this case is REMANDED to the magistrate for further proceedings.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
January  9 , 2009

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiffs have the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**