IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jackie Williams, #231414, ) | |
| ) | Civil Action No. 6:08-cv-3350-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| George T. Hagan, Warden of ) | |
| Allendale Correctional Institution ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's Objections to Magistrate Judge Catoe's Report and Recommendation and Petitioner's Motion to Appoint Counsel. Respondent filed a Motion for Summary Judgment on June 08, 2009. After being granted three extensions of time, Petitioner filed his opposition to the motion for summary judgment on October 15, 2009. Magistrate Judge Catoe entered his Report and Recommendation on February 2, 2010. After filing his objections on February 22, 2010, Petitioner also filed a Motion to Appoint Counsel on February 24, 2010. The magistrate judge recommends granting Respondent's motion for summary judgment.

Petitioner was convicted of murder in Aiken County in 1996 and sentenced to life imprisonment. Petitioner nor his counsel filed a timely appeal. On January 27th 1997, Petitioner filed an initial application for post-conviction relief (PCR), arguing various ineffective assistance of counsel claims as well as denial of due process. This application was denied by written order entered on January 27, 1998. Petitioner

appealed this denial to the South Carolina Supreme Court, which denied the petition on August 20, 1999. Petitioner then filed his first federal habeas corpus action on January 17, 2000, and this Court found that Petitioner's trial counsel's representation fell below an objective standard of reasonableness and that prejudice was found. This Court ordered that Petitioner's writ be granted unless South Carolina granted Petitioner leave to appeal from his conviction. South Carolina allowed Petitioner to appeal and ultimately affirmed the trial court's decision pursuant to South Carolina Appellate Court Rule 220(b)(1).

Petitioner then made a second PCR application which was denied relief on February 25, 2003, which Petitioner then appealed to the South Carolina Supreme Court. Certiorari was denied and a remittitur was entered on June 1, 2004. On March 22, 2005, Petitioner made a second petition for writ of habeas corpus, which was dismissed by this Court because Petitioner had not received the required Pre-Filing Authorization from the Fourth Circuit Court of Appeals. On August 4, 2005, the Fourth Circuit docketed Petitioner's motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive application for relief. On April 10, 2006, the Fourth Circuit entered its order, finding that "[u]nder *Goddard*, Williams' success on the appeal claim in his initial habeas petition entitles him to file his current petition without first obtaining leave from this court." *In re Williams*, 444 F.3d 233, 236-237 (4th Cir. 2006). Petitioner then filed the instant petition on September 30, 2008.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Petitioner makes two objections to this Court.

Petitioner's first objection is that Respondent failed to follow Federal Rule of

Appellate Procedure 23(a) (FRAP 23). As the language of FRAP 23 makes clear, this rule applies only when a case is "[p]ending review of a decision in a habeas corpus proceeding." *See* F.R.A.P. 23(a). In other words, FRAP 23 only applies when the courts of appeals is reviewing a district court's decision on a habeas action. *See Mitchell v. McCaughtry*, 291 F.2d 823, 835 (E.D.Wis.2003); *Pethtel v. Attorney General of Indiana*, 704 F.Supp. 166, 168 (N.D.Ind.1989). As this case is currently at the district court level, FRAP 23 simply does not apply here.

Even assuming FRAP 23 were to apply in this situation, Petitioner's objection would still be without merit. FRCP 23(a) is "designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending." *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir.1981). Merely transferring Petitioner from one South Carolina Department of Corrections facility to another would not divest this Court of jurisdiction, especially when the facilities are within the same district. This Court retained jurisdiction over this habeas proceeding after the transfer, so this objection is meritless.

Petitioner's second objection boils down to the contention that Respondent and his attorney failed to timely notify the Petitioner that the Fourth Circuit Court of Appeals ruled on his issue. Petitioner claims that Respondents had an obligation to forward the magistrate judge's report to Petitioner's new address. It appears that Petitioner did receive the magistrate's report as Petitioner filed timely objections. If

Petitioner's argument is that Respondent should have forwarded the Fourth Circuit opinion to him when his attorney sent the copy to Petitioner's old address, he mistakes who the Respondent is in this case.  The Respondent in this case is the Warden of the Allendale Correctional Institution where Petitioner is currently housed, not the Warden of McCormick Correctional Institution where Petitioner was originally located.  If any forwarding would have occurred, it would have occurred at McCormick, not Allendale.  Beyond that, Petitioner has not shown that there was any policy or obligation to forward any mail within the South Carolina Department of Corrections (SCDC).  The case Petitioner cites only discusses that a delay (and in that case, the delay was caused by a court reporter failing to complete a transcript) may amount to a deprivation of rights.  However, Petitioner fails to make an adequate showing before this Court of any infringement of right or any dereliction of duty by the SCDC.

As to Petitioner's argument that his attorney's failure to properly notify him, this objection is without merit.  Petitioner appears to be making an argument that equitable tolling applies in this case.  Equitable tolling has been applied in two kinds of situations.  "In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant.  In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996).  In addition, the Fourth Circuit has said that "any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's

own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

To begin, it is well-settled law in this circuit and others that a lawyer's mistake does not constitute the "extraordinary circumstance" necessary to justify equitable tolling. *See Harris*, 209 F.3d at 330; *Sandvik v. U.S.*, 177 F.3d 1269 (11th Cir. 1999) (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition by ordinary mail rather than to use some form of expedited delivery); *Gilbert v. Secretary of Health and Human Services,* 51 F.3d 254, 257 (Fed. Cir. 1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling). The lawyer for Petitioner could have easily avoided this mistake by double checking the address for Petitioner before sending the original letter. In addition, Petitioner has not showed how waiting from July 27, 2005, the day he filed his application with the Fourth Circuit, to March 5, 2008, the day he sent his letter to his attorney, would be pursuing his rights diligently. Therefore, this Court does not believe that the conduct of Petitioner's lawyer rises to the level necessary for equitable tolling.

Even if Petitioner was given equitable tolling for the period between April 10, 2006, and the filing of the petition on September 30, 2008, Petitioner's petition is still untimely. Assuming that the time for filing the federal habeas corpus petition began on February 24, 2002 (the day the South Carolina Supreme Court's decision on the

belated direct appeal became final), Petitioner waited one hundred fifty-five (155) days before filing his PCR (July 29, 2002) and then another two hundred ninety (290) days before filing his second federal habeas petition (March 18, 2005), for a total of four hundred forty-five (445) days. None of that time could be tolled, either statutorily or equitably, and the time for filing would have run.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that the Respondent's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion to Appoint Counsel is dismissed as moot.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
February   26  , 2010

# CERTIFICATE OF APPEALABILITY[1]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

---

[1] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See U.S. v. Haynes*, No. 09-7606, 2009 WL 4506466 (4th Cir. Dec. 9, 2009).